**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**EDDIE SCOTT,**

    **Plaintiff,**

**v.**                                                     **Case No: 5:25-cv-14-TPB-PRL**

**CRYSTAL BLANTON and the CITY
OF OCALA,**

    **Defendants.**

___

**ORDER**

This matter is before the Court upon referral of *pro se* Plaintiff Eddie Scott's motion to recuse the undersigned United States Magistrate Judge. (Doc. 6). Plaintiff argues that the undersigned should be recused because Plaintiff disagrees with decisions made in this case and a prior case involving Plaintiff, and because "Judge Lammens didn't allow me to exercise my constitutional rights." (Doc. 6 at 1). A review of Plaintiff's motion reflects that the alleged basis for recusal is Plaintiff's disagreement with the undersigned's judicial rulings.

The standard for recusal under 28 U.S.C § 455(a) is an objective one, requiring a court to ask "whether an objective, disinterested lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Bolin v. Story*, 225 F. 3d 1234, 1239 (11th Cir. 2000). To satisfy the requirements of § 455(a) a party must offer facts, not merely allegations, that evidence partiality. *See United States v. Cerceda*, 188 F.3d 1291, 1292 (11th Cir. 1999) ("[a] charge of partiality must be supported by some factual basis ... recusal cannot be based on 'unsupported, irrational or highly tenuous speculation'"). A party should not be permitted to recuse a judge on

unsupported, irrational or highly tenuous speculation. *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986.) "[I]f this occurred the price of maintaining the purity of the appearance of justice would be the power of litigants or third parties to exercise a veto over the assignment of judges." *Id.*

Plaintiff's motion is based upon speculation and his subjective disagreement with the Court's legal conclusions, rather than upon any facts that evidence impartiality by the undersigned. Disagreement with the Court's legal conclusions is not a basis for recusal, nor is the fact that the undersigned previously entered a report and recommendation in a prior case recommending that Plaintiff's claims be dismissed. Notably, Plaintiff offers no other basis for his assertion that the undersigned is biased or prejudiced against him other than prior rulings.

Therefore, because Plaintiff's motion fails to state sufficient grounds for recusal, Plaintiff has failed to demonstrate that any reasonable individual could entertain significant doubt about the impartiality of the undersigned. *See* 28 U.S.C § 455(a). Accordingly, Plaintiff's motion for recusal (Doc. 6) is **DENIED.**

**DONE and ORDERED** in Ocala, Florida on March 11, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties