# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**EDDIE SCOTT,**

    **Plaintiff,**

v.                                                          Case No: 5:25-cv-14-TPB-PRL

**CRYSTAL BLANTON and the CITY OF OCALA,**

    **Defendants.**

_____

### REPORT AND RECOMMENDATION[1]

The Plaintiff, Eddie Scott, who is proceeding *pro se*, filed this action against Defendants Crystal Blanton and City of Ocala. (Doc. 1). Plaintiff seeks to proceed in forma pauperis. (Doc. 3). For the reasons explained below and because the claims alleged in the complaint are duplicative of claims raised in a previous action that has already been dismissed by this Court, the undersigned recommends that Plaintiff's motion to proceed in forma pauperis be denied and the complaint dismissed pursuant to 28 U.S.C. § 1915(e)(2).

## I. Legal Standards

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. See Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted[,] or ... seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. *Id.*

The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the similar phrase in Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."). To survive both section 1915 and Rule 12(b)(6) review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* In short, to survive this initial review a plaintiff must allege something more "than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555).

## II. Discussion

Plaintiff's *pro se* complaint (Doc. 1) is 61 pages long and consists of approximately 12 pages of allegations, as well as copies of other documents intended to be exhibits to the complaint, including records from court proceedings, police reports, and media reports. Plaintiff alleges civil rights claims under 28 U.S.C. § 1983 and related claims against Detective

Crystal Blanton and the City of Ocala including claims for false imprisonment, malicious prosecution, intentional infliction of emotional distress, libel and slander, and respondeat superior. (Doc. 1).

To summarize, Plaintiff's claims arise out of his arrest by the Ocala Police Department for charges including lewd and lascivious conduct with a minor, solicitation of child pornography, and soliciting travel meet a minor. Plaintiff's complaint also includes various press reports with headlines such as "Florida teacher asked child for underwear pic and more, police say," and "Ocala elementary school teacher arrested for requesting sexual images from child." (Doc. 31 & 32). As best can be discerned from the complaint, Plaintiff contends that he was unjustly arrested and imprisoned on "false minor sex charges and dating battery," and seeks $150 million in damages. (Doc. 1 at 1).

Notably, this is not the first time Plaintiff has brought these same claims before this Court. A careful review of the complaint and the Court's docket reveals that Plaintiff's claims are virtually identical to claims he raised in a prior case that has already been dismissed by this Court, *Scott v. Blanton*, No. 5:24-CV-139-TJC-PRL, 2024 WL 2160137, at *5 (M.D. Fla. May 1, 2024), *report and recommendation adopted,* No. 5:24-CV-139-TJC-PRL, 2024 WL 2155789 (M.D. Fla. May 13, 2024). In the prior case and following an opportunity for Plaintiff to file an amended complaint, the undersigned thoroughly considered the substance and merits of Plaintiff's claims (virtually identical to the claims raised here) and recommended that the complaint be dismissed. *Id*. at *6. Alternatively, the undersigned noted that abstention was appropriate under the *Younger* doctrine because Plaintiff's claims related to ongoing criminal proceedings in state court. *Id.* at *5. Subsequently, the undersigned's report and recommendation was adopted, Plaintiff's claims were dismissed, and the case was closed. *See*

*Scott v. Blanton*, Case No. 5:24-CV-139-TJC-PRL. On August 30, 2024, following additional filings by Plaintiff arguing that he had been acquitted of the criminal charges against him, the Court also denied Plaintiff's motion to reopen the prior case. (Case No. 5-24-CV-129-TJC-PRL, Doc. 17).

Although the attachments to Plaintiff's complaint suggest that the criminal proceedings may now be resolved, a review of the claims reflects that they are nonetheless identical to the claims already substantively considered and dismissed by this Court in the prior case. Here, Plaintiff raises the same claims against the same defendants, arising from the same events. For the reasons previously articulated by the Court in the prior case, Plaintiff's claims are due to be dismissed. *See Scott v. Blanton*, No. 5:24-CV-139-TJC-PRL, 2024 WL 2160137, at *5 (M.D. Fla. May 1, 2024), *report and recommendation adopted,* No. 5:24-CV-139-TJC-PRL, 2024 WL 2155789 (M.D. Fla. May 13, 2024).

Notably, in the prior case, Plaintiff was granted an opportunity to file an amended complaint and clarify the bases for his claims. And, in both the prior case and this case, Plaintiff was also thoroughly cautioned that despite proceeding *pro se*, he is required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence, and he was directed to resources regarding proceeding in court without a lawyer. (Doc. 4). In other words, Plaintiff was given ample opportunity to present a plausible and viable claim but failed to do so, both in the prior action and in this action. I therefore submit that providing Plaintiff leave to further amend the complaint would be an exercise in futility.

- 5 -

## III.   Recommendation

Accordingly, and for the reasons explained above, I recommend that Plaintiff' motion to proceed *in forma pauperis* (Doc. 3) should be denied and the amended complaint dismissed.

**RECOMMENDED** in Ocala, Florida on March 11, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties